Stanley D. TRAMMELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 42146.

Court of Criminal Appeals of Texas.

June 25, 1969.

Jack Paul Leon, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., life.

We shall consider appellant's first ground of error last.

In ground of error #2 appellant complains that the court erred in admitting evidence against the appellant that was obtained as a result of an unlawful search and seizure. Appellant specifically complains about the introduction of testimony relating to $170.00 found in his shirt pocket made up of the same denomination of bills taken in the alleged robbery.

The record reflects that near 5 p. m. on November 16, 1967, a robbery was committed at the Security Finance Company in San Antonio and several hundred dollars in cash was taken from Harry Chalkley, Office Manager, and others at gunpoint by two men. A description of the two men as well as the description of a black or dark colored Thunderbird automobile containing three men which had been seen circling the block shortly before the robbery was given to the police and such description and information were broadcast over the police radio.

Shortly before 6 p. m. reserve Deputy Sheriff Charles Cole who had heard the broadcast noticed a black Thunderbird fitting the description given parked off the side of the road in the 6600 block of Bandera Road in a semi-rural area. He observed two men beside the car who appeared to be changing clothes and he watched as the two men, one of whom he identified as the appellant, walk away from the car leaving a third man behind. Cole radioed for a more detailed description of the automobile involved in the alleged robbery and other officers were summoned. An arrest was made of the man, an ex-convict who was in the Thunderbird, and

a fifty officer search for the other two men commenced.

Jimmy De Lesdernier, a special Texas Ranger employed by the Texas and Southwestern Cattle Raisers Association, testified that while returning from Austin he heard reports from both the state and county radios and proceeded to the search area. After receiving additional information and descriptions, including the name of the appellant, he assisted in the search in the brushy and woody area until 11 or 11:30 p. m. at which time he went to his home approximately two miles away.

Near noon the next day while packing his pickup at his home for the purpose of going hunting De Lesdernier and special Deputy Picket, who was with him, observed two men walking down the street who fit the description of the men being sought. Their clothes appeared to be spotted by mud, dried leaves, twigs, etc. As they approached him De Lesdernier inquired if the men lived in the area. Appellant's companion informed De Lesdernier he lived at an address 12 to 15 miles away. Thereupon De Lesdernier identified himself as an officer and asked their names and addresses.[1] The appellant then offered identification revealing that he was Stanley D. Trammell (one of the men being sought). At this point De Lesdernier placed both men under arrest and gave the Miranda warnings.[2] His search incident to that arrest revealed "a big roll of money" in appellant's shirt pocket. To such testimony there was no objection.

The record reflects that De Lesdernier surrendered custody of appellant, his companion and the money to Chief of Police Smith of the City of Leon Valley.

Lt. De Stefano, San Antonio Police Department, Robbery Division, testified that on November 17, 1967, the appellant was brought to his office by a Leon Valley officer, and at that time a sum of $170.00 was found in appellant's shirt pocket. It is not clear from the record whether this was the same money found by De Lesdernier or not.[3] Prior to the admission of De Stefano's testimony the able and careful trial court conducted a hearing in the jury's absence at the conclusion of which it dictated specific findings into the record. We are in full accord with such findings. Under circumstances described, De Lesdernier was clearly authorized to arrest without a warrant appellant and his companion under the terms of Article 14.04, V.A.C.C.P., based upon probable cause alone. The search incident to that arrest was clearly authorized and the fruits thereof were admissible in evidence. Miller v. State, Tex.Cr.App., 442 S.W.2d 340; Houston v. State, Tex.Cr.App., 428 S.W. 2d 353; Price v. State, Tex.Cr.App., 410 S.W.2d 778. In fact, there was no objection to such testimony. The arrest without a warrant upon probable cause being legal, the subsequent search a short time later at the San Antonio Police Department and the fruits thereof were equally admissible. As we view it, Article 18.22, V.A. C.C.P. (permitting arrest to prevent the consequences of theft) also authorized Officer De Lesdernier's arrest. See Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462, cert. den. 364 U.S. 935, 81 S.Ct. 386, 5 L.Ed.2d 369, holding that robbery is an aggravated form of theft. We reject ap-

---

1. Article 2.24, V.A.C.C.P. reads in part:
   "Whenever a peace officer has reasonable grounds to believe that a crime has been committed, he may stop any person whom he reasonably believes was present and may demand of him his name and address. If such person fails or refuses to identify himself to the satisfaction of the officer, he may take the person forthwith before a magistrate. * * * "

2. The officer's recitation of the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 warnings was interrupted at one point by the appellant who insisted he knew the warnings better than the officer.

3. The record further reflects that $200 in cash was found in the sock of Harold Barnes (appellant's companion at the time of their arrest).

pellant's contention that De Lesdernier should have been required to have travelled to the courthouse or to the nearest magistrate's office and obtain an arrest warrant in hopes that appellant and his companion would still be where last seen since he feared their escape. O'Neal v. State, Tex. Cr.App., 416 S.W.2d 433. Ground of error # 2 is overruled.

■ Next, appellant contends the trial court erred in admitting into evidence a set of his fingerprints taken after his arrest which were used to establish he was the same person so previously convicted as alleged in the indictment.

The prints were taken by San Antonio Police Officer Katz at the request of the District Attorney prior to indictment while appellant was confined in jail under a warrant of arrest and after he had been taken before a magistrate in accordance with Article 15.17, V.A.C.C.P.

It is appellant's contention that at the time he was without counsel and was not warned of his rights by Officer Katz.

The admission into evidence of these prints by the trial judge after he had been apprized of these circumstances brings this case squarely in line with Harrington v. State, Tex.Cr.App., 424 S.W.2d 237. Appellant's privilege against self-incrimination was not violated. See Washington v. State, Tex.Cr.App., 434 S.W.2d 138 and authorities there cited; Branch v. State, Tex.Cr.App., 445 S.W.2d 756.

As noted in Branch, supra, Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676, would not be applicable since at the time the fingerprints were taken appellant was being validly detained by virtue of a warrant of arrest.

Ground of error #3 is overruled.

■ Turning now to appellant's first ground of error we find he urges the court erred in permitting a penalty of mandatory life to be assessed and imposed under the provisions of Article 62, V.A.P.C. This claim is based on the fact that at the penalty stage of the bifurcated trial under the provisions of Article 37.07, V.A.C.C.P., the State offered proof that appellant was the same person so previously convicted of robbery by assault as alleged in the indictment for enhancement without first reading that portion of the indictment and obtaining appellant's plea thereto. See Article 36.01, Sec. 1, V.A.C.C.P.

After both sides closed, the appellant contended the action described above constituted a waiver and abandonment of the enhancement portion of the indictment; that while the prior conviction might be considered as part of appellant's prior criminal record the jury should not be charged that they should assess mandatory life if they found that he was the same person so previously convicted as alleged.

At this point the trial court permitted the State to re-open its case and read to the jury the enhancement portion of the indictment to which the appellant entered a plea of not guilty.[4] Then the State proposed to re-introduce the testimony previously offered. While objecting to the procedure of allowing the State to re-open, the appellant personally, together with his coun-

4. In Davis v. State, Tex.Cr.App., 429 S.W. 2d 459, this Court observed that the proper plea to the enhancement portion of the indictment is perhaps "true" or "not true" in view of Article 37.07, Sec. 1, V.A.C.C.P., but the fact that a plea of "guilty" or "not guilty" is entered instead is immaterial. See also Baker v. State, Tex.Cr.App., 437 S.W.2d 825 (concurring opinion).

We observe that throughout the trial, counsel for both the State and the appellant referred to the enhancement portion of the indictment as a "count." This is incorrect. See Square v. State, 145 Tex.Cr.R. 219, 167 S.W.2d 192; Beck v. State, Tex.Cr.App., 420 S.W.2d 725; Steward v. State, Tex.Cr.App., 422 S.W. 2d 733; Baker v. State, Tex.Cr.App., 437 S.W.2d 825 (concurring opinion); Branch v. State, Tex.Cr.App., 445 S.W. 2d 756.

sel, agreed and stipulated before the jury that in lieu of re-producing the testimony the evidence previously offered by the State would be the same and could be considered by the jury.

Article 36.02, V.A.C.C.P., provides:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

While Article 36.02, supra, is former Article 643 unchanged, with no reference to our present bifurcated trial system, we conclude that it is clearly applicable to the situation presented and the trial judge was eminently correct in the procedure utilized. Cf. Hearne v. State, Tex.Cr.App., 58 S.W. 1009; Essary v. State, 53 Tex.Cr.R. 596, 111 S.W. 927; Barbee v. State, 32 Tex.Cr. R. 170, 22 S.W. 402.

Johnson v. State, 118 Tex.Cr.R. 291, 42 S.W.2d 782, relied upon by the appellant, is not here applicable. There, after a tardy reading of the indictment and the accused's subsequent plea, the State failed to reintroduce its evidence or to enter into a stipulation as to such evidence.

Ground of error #1 is overruled.

The judgment is affirmed.