Manuel Laujan CASTILLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 50639.

Court of Criminal Appeals of Texas.

Jan. 7, 1976.

Cleatus M. Phelan, McKinney, for appellant.

Tom O'Connell, Dist. Atty., and Bill Jouette, Asst. Dist. Atty., McKinney, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for sale of a controlled substance, to-wit: heroin. The jury assessed punishment at 15 years in the Texas Department of Corrections.

The record reflects that David Stallings, an undercover narcotics officer with the Texas Department of Public Safety, purchased a tin foil packet from the appellant on October 16, 1973. The foil packet was found to contain heroin.

Appellant in his brief raises two grounds of error that are closely related and will, therefore, be discussed together. In his first ground of error appellant contends that the trial court erred in overruling his motion for a mistrial, when after the State's chief witness had testified the court allowed the State to read the indictment to the jury. In his second ground of error appellant contends that there was not enough evidence properly before the jury to support the conviction.[1]

Appellant argues that the order of proceedings set out in Art. 36.01, V.A.C.C.P., is

---

1. Appellant's contention is that Stallings' testimony was not *properly* before the jury since it had been adduced prior to the reading of the indictment.

mandatory and that it was not properly followed in his trial.

Art. 36.01 of the Code of Criminal Procedure provides in part as follows:

"A jury being impaneled in any criminal action, the cause *shall proceed in the following order:*

"1. The indictment or information *shall be read* to the jury by the attorney prosecuting.   . . .

\*      \*      \*      \*      \*      \*

"4. The testimony on the part of the State shall be offered." (emphasis added)

In 1884, the predecessor of this Court held that the very first step in a criminal trial after the organization and impaneling of the jury was the reading of the indictment to the jury. This was further held to be mandatory. *Wilkins v. State,* 15 Tex. App. 420 (1884); *White v. State,* 18 Tex. App. 57 (1885).

In *Essary v. State,* 53 Tex.Cr.R. 596, 111 S.W. 927 (1908) this Court held that Art. 697(1) of the Code of Criminal Procedure then in effect was mandatory, and that the first step in a felony trial was the reading of the indictment to the jury. The Court also held that if the error was discovered and the indictment read to the jury the State could proceed to re-introduce its proof unless the defendant waived the re-introduction of the evidence. *Messenger v. State,* 81 Tex.Cr.R. 465, 198 S.W. 330 (1917). See also *Boening v. State,* 422 S.W.2d 469 (Tex.Cr.App.1967); *Johnson v. State,* 118 Tex.Cr.R. 291, 42 S.W.2d 782 (1931); *Theriot v. State,* 89 Tex.Cr.R. 428, 231 S.W. 777 (1921); 56 Tex.Jur.2d, Trial, Sec. 75.

In *Wood v. State,* 515 S.W.2d 300 (Tex.Cr. App.1974) this Court by implication again indicated that the reading of the indictment to the jury as prescribed by Art. 36.01 was mandatory.

■  The authorities clearly indicate that the order of proceedings set out in Art. 36.01, V.A.C.C.P., is mandatory and must be followed by the trial court. The record in the case before us indicates that the trial court became aware of the error in the proceedings only after the State's chief witness had testified. The trial court attempted to correct the mistake. The jury was retired and the appellant was formerly arraigned in accordance with Art. 26.01, V.A. C.C.P. Thus the trial court avoided the problem in *Wood v. State,* supra, of arraigning the accused before the jury.

After arraigning the appellant the trial court brought the jury back into the courtroom. The record indicates the following:

"THE COURT: Ladies and gentlemen of the jury, please be seated. You were selected as the jury to try this case yesterday. And this morning it was raining and I was in a hurry to get to this court some twenty miles away and I'm probably moving a little rapidly. The State did not present its indictment, which will be done at this time. You may present your indictment, Mr. District Attorney.

".   .   .

(The indictment is read to the jury)

"THE COURT: All right. How do you plead to the presentment of this indictment?

"DEFENDANT CASTILLO: Not guilty, sir.

"THE COURT: Not guilty? All right.

"MR. STOOKSBERRY: Your Honor, again I would like to object to the reading of the indictment at the present time in front of the jury after the jury being impaneled and the jury has heard evidence. Again I would like to move for a mistrial in this cause.

"THE COURT: So understood by the Court and your motion is overruled.

"MR. STOOKSBERRY: Note my exception.

"THE COURT (to the witness, Mr. David Lynn Stallings): Mr. Stallings, since the presentment of this indictment, if the

State offered the precise evidence and testimony that has been elicited prior to this time, would your answers be exactly and precisely the same?

"WITNESS STALLINGS: Yes. They would.

"THE COURT: And every word you have spoken has been in the presence of this defendant, his counsel and this jury?

"WITNESS STALLINGS: Yes, sir.

"THE COURT: All right, sir. Let your record show, Mr. Reporter, that everything spoken has been done in the presence of this jury and that the Court would feel that it is not consistent practice or common sense to offer the same exact testimony. These people are sitting right in front of me, this jury is, and they've heard every spoken word, and the record will remain as stated at this time. O.K. Passing the witness, Mr. Defense Counsel."

In *Johnson v. State,* supra, this Court said:

"Until the indictment was read and appellant's plea entered, no issue was joined between the state and the appellant. . . . When the indictment was read and appellant pleaded thereto, the evidence should have been reintroduced."

It was incumbent on the State to re-introduce the testimony of Stallings unless the defendant stipulated to the evidence. In the case before us there was no such stipulation by the appellant. Where the defendant objects to the re-introduction of the evidence as being repetitious and is sustained he will be held to have waived his contention that the evidence was not properly before the jury. *Barbee v. State,* 32 Tex.Cr.R. 170, 22 S.W. 402 (1893). The record before us indicates that the State wanted to go through the testimony of Stallings again and so informed the court. The trial court, however, felt that it would "not be consistent practice or common sense to offer the same exact testimony."

The correct procedure to be followed is set out in *Trammell v. State,* 445 S.W.2d 190 (Tex.Cr.App.1969). In *Trammell v. State,* supra, at the penalty stage of the trial the State introduced evidence of the accused's prior convictions without first reading the enhancing portions of the indictment to the jury. When the error was discovered the State was allowed to reopen and read the indictment to the jury. The accused objected that the State had waived the enhancement portions of the indictment. At this point the State proposed to re-introduce the testimony previously offered. The accused with his counsel agreed and stipulated before the jury, in lieu of re-producing the testimony, that the evidence previously offered would be the same and could be considered by the jury. The accused and his counsel having stipulated to the evidence before the jury, this Court held the evidence was properly before the jury. See also *Peoples v. State,* 459 S.W.2d 868 (Tex.Cr.App.1970).

■ The record before us indicates that the trial court was trying to move the trial too quickly because of a crowded docket. The trial court took a short cut in attempting to avoid the re-introduction of the State's testimony. The action of the trial court is not to be commended. The court should have allowed the State to re-introduce the testimony if the defendant would not stipulate to what the testimony would have been. However, in the absence of an objection directing the court to the correct procedure, we hold that the error was not preserved, under the circumstances here presented. Appellant's motion was for a mistrial and it was properly denied by the court.

Appellant's first and second grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.