**Ignacio R. LIMON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–178–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1992.

Manuel Marroquin, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for the State.

Before NYE, C.J., and DORSEY, and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Ignacio R. Limon, guilty of delivery of cocaine, and the trial court assessed his punishment at ten years in prison, plus a $2,500 fine. By two points of error, appellant contends that the evidence the State introduced after the indictment was read to the jury was insufficient to support his conviction. He also complains that the trial court, rather than the State, read the indictment to the jury.

Officer Dickson, a narcotics agent for the Tri–County Narcotics Task Force, testified that right after midnight on April 12, 1989, he went to an apartment on 346 Hiawatha Street in Corpus Christi. He knocked at the door, and appellant opened it. Officer Dickson mentioned to appellant that he had heard that he could buy some cocaine at the apartment. Appellant asked him how much he wanted, and Officer Dickson said that he needed $50 worth. Appellant went to the rear of the apartment and returned with two packets of cocaine. Officer Dickson gave him the money, and appellant handed him the cocaine. The officer left the apartment.

Appellant testified that he did not live at the apartment during the time that Officer Dickson allegedly bought the cocaine. He said that he had never seen Officer Dickson before, and he denied any involvement in the alleged narcotics transaction.

By point one, appellant attacks the sufficiency of the evidence on the basis that the evidence the State introduced after the indictment was read to the jury was insufficient to prove the elements of the alleged offense. During the trial's rebuttal phase, the trial court realized that the indictment had not been read to appellant before the jury and that appellant had not entered his plea before the jury. The trial court allowed the State to reopen its case-in-chief so that the indictment could be read to appellant before the jury. Defense counsel objected to the reading of the indictment in front of the jury at that stage of the trial. The trial court overruled the objection and then asked defense counsel if he wanted all of the evidence to be presented again, or if the State could re-offer it. Defense counsel stated, "We [referring to himself and appellant] have no objection to the State re-offering." The trial court read the indictment before the jury, to which appellant entered his plea of not guilty. The trial court then asked the State if it was going to re-offer all of its prior evidence. The State responded, "[a]ll the evidence introduced by the State up to this point." The trial court stated, "Okay. That motion of the State will be granted." The State proceeded with its rebuttal evidence.

On appeal, appellant contends that this did not constitute a reintroduction of the previously admitted evidence (or to a stipulation to that effect) and that the State was required to re-offer its evidence by recalling its witnesses and re-offering its previously admitted exhibits.

▮▮▮▮ The reading of the indictment is mandatory. *Warren v. State,* 693 S.W.2d 414, 415 (Tex.Crim.App.1985); Tex.Code Crim.Proc.Ann. art. 36.01(a)(1) (Vernon Supp.1992). The rationale for the rule is to inform the accused of the charges against him and to inform the jury of the exact terms of the particular charge against the accused. *Warren,* 693 S.W.2d at 415; *Essary v. State,* 53 Tex.Crim. 596, 111 S.W. 927, 930 (App.1908). Until the indictment is read and a plea is entered, the issue is not joined between the State and the accused before the jury. *Peltier v. State,* 626 S.W.2d 30, 31 (Tex.Crim.App.1981); *Richardson v. State,* 763 S.W.2d 594, 594–95 (Tex.App.—Corpus Christi 1988, no pet.).

▮▮▮▮ Error which results from not reading the indictment and not entering a plea can be cured at trial. The correct procedure to be followed after a tardy reading of the indictment and the entering of a plea has been long established: upon learning of the error, the indictment is read to the jury, the accused enters a plea, and the

State reintroduces the evidence; or the parties may stipulate to the evidence. *Warren*, 693 S.W.2d at 416; *Welch v. State*, 645 S.W.2d 284, 285 (Tex.Crim.App.1983); *Trammell v. State*, 445 S.W.2d 190, 193–94 (Tex.Crim.App.1969). When this is done, the issue is joined, and a trial on the issue may be held.

A similar set of facts as those in the case before us occurred in *Castillo v. State*, 530 S.W.2d 952 (Tex.Crim.App.1976). In *Castillo*, after the State's chief witness, David Stallings, had testified, the trial court became aware that the indictment had not been read and that the accused had not entered his plea thereto. The trial court allowed the State's attorney to read the indictment, to which the accused entered his plea. At that point, defense counsel objected to the reading of the indictment on the grounds that it was being read to the jury after the jury had been impaneled and had heard evidence. Defense counsel also moved for a mistrial, which the trial court overruled. The accused was found guilty and appealed. The Court of Criminal Appeals stated that after the indictment was read, and the accused pleaded thereto, "[i]t was incumbent on the State to re-introduce the testimony of Stallings unless the defendant stipulated to the evidence. In the case before us there was no such stipulation by the appellant." The Court further stated, "However, in the absence of an objection directing the court to the correct procedure, we hold that the error was not preserved, under the circumstances here presented."

■ In the present case, upon the discovery that the indictment had not been read, the trial court permitted the State to re-open its case. The trial court read the indictment, to which appellant entered a plea of not guilty. Although defense counsel objected to the reading of the indictment during the trial's rebuttal phase, defense counsel did not direct the trial court to the correct procedure to be followed after a tardy reading of the indictment and the entering of a plea. *See Warren*, 693 S.W.2d at 416; *Welch*, 645 S.W.2d at 285; *Trammell*, 445 S.W.2d at 193–94. Defense counsel did not ask that the evidence heard before the plea be removed from the jury's consideration. That objection would have been sufficient to point out to the trial court the proper method to reintroduce the testimony. *Welch*, 645 S.W.2d at 285; *Dill v. State*, 697 S.W.2d 702, 709 (Tex.App.—Corpus Christi 1985, pet. ref'd). Further, defense counsel did not lodge an objection to the State re-offering its evidence. Under the circumstances of this case, we conclude that in the absence of an objection directing the court to the correct procedure, the error was not preserved. *See Peltier*, 626 S.W.2d at 31 n. 3; *Castillo*, 530 S.W.2d at 954.

■ The elements of the offense of delivery of a controlled substance are (1) a person (2) knowingly or intentionally (3) delivers (4) a controlled substance. *Stewart v. State*, 718 S.W.2d 286, 288 (Tex.Crim.App.1986). The evidence showed that Officer Dickson asked appellant for cocaine and that appellant delivered the cocaine to him in exchange for $50. We therefore hold that the evidence is sufficient to support appellant's conviction.

■ By point two, appellant complains that the trial court erred when it, rather than the State's attorney, read the indictment to the jury. Article 36.01(a)(1) provides, in relevant part, that "[t]he indictment or information shall be read to the jury by the attorney prosecuting." In the case before us, the trial court read the indictment to the jury. Appellant did not object to the trial court's reading of the indictment. Rule 52(a) of the Texas Rules of Appellate Procedure provides that in order to preserve a complaint for appellate review, a party *must* have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling it desired the court to make if the specific grounds were not apparent from the context. Since appellant did not object to the trial court's reading of the indictment, the complaint is not preserved for appellate review. Tex.R.App.P. 52(a).

The trial court's judgment is AFFIRMED.