In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00047-CR
______________________________


JEAN BATISTE ROUGEUX, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 19691


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Jean Batiste Rougeux appeals his conviction by a jury for possession of a controlled
substance, namely cocaine in an amount of more than four grams but less than two hundred grams,
with the intent to deliver. The jury assessed punishment at twenty-five years' imprisonment, and the
trial court sentenced Rougeux consistent with the jury's assessment. Rougeux raises two points of
error on appeal: 1) the State made an impermissible comment during voir dire concerning Rougeux's
failure to testify, and 2) Rougeux received ineffective assistance of counsel. We affirm the judgment
of the trial court. 
I.         Voir Dire Examination Comments 
            In his first point of error, Rougeux argues the State made several impermissible comments
concerning Rougeux's failure to testify during voir dire. Specifically, the State asked a prospective
juror: "Would you want a jury to demand to hear your side of the story if you were charged with a
crime?" A State's comment on the defendant's failure to testify may violate a defendant's right not
to testify against himself or herself. See Griffin v. California, 380 U.S. 609, 614–15 (1965); Hall
v. State, 13 S.W.3d 115, 117 (Tex. App.—Fort Worth 2000, pet. dism'd). However, the defense
failed to object to any of the complained-of comments. A timely, specific objection must be made
to preserve an issue on appeal. Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990);
Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). Because no objection was made
to the complained-of voir dire questioning, the issue is not preserved for review. We overrule
Rougeux's first point of error.
II.       Ineffective Assistance of Counsel
            Rougeux complains in his second point of error that his trial counsel failed to provide him
with effective assistance of counsel. Rougeux argues his trial counsel's failure to object to late
arraignment,


 irrelevant evidence, failure to object to an inadmissible oral confession, and failure to
object to the State's comments during voir dire constitute ineffective assistance of counsel under the
totality of the circumstances. According to Rougeux, there is a reasonable probability of a different
result because he probably would have only been convicted of possession instead of possession with
the intent to deliver but for the errors of defense counsel. Because the mere possession would have
been a second-degree felony and possession with intent to deliver was a first-degree felony, Rougeux
argues there was a reasonable probability of a different result. Compare Tex. Health & Safety
Code Ann. § 481.112 (Vernon 2003) with Tex. Health & Safety Code Ann. § 481.115 (Vernon
2003). The standards for analyzing a claim of ineffective assistance of counsel are well established. 
The Sixth Amendment standard, established by Strickland, requires a defendant alleging ineffective
assistance of counsel to show that his or her counsel's performance at trial was deficient and to show
a "reasonable probability" that, but trial counsel's errors, the result of the trial would have been
different. See Strickland v. Washington, 466 U.S. 668 (1984); see also Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002). 
            A.        Failure to Object to Tardy Reading of the Indictment
            Rougeux claims his trial counsel failed to object to the reading of the indictment after the
evidence began. At the beginning of the guilt/innocence phase of the trial, the attorneys made
opening statements and then the State began direct examination of Lee Foreman, a policeman for the
City of Paris. After asking a few preliminary questions concerning Foreman's background and
training, consisting of less than three pages of the reporter's record, it was determined that the
indictment had not been read in the presence of the jury. The indictment was then read, and
Rougeux entered a plea of not guilty. No objection was made to the procedure. Reading the
indictment to the jury is required by law. Tex. Code Crim. Proc. Ann. art. 36.01(1) (Vernon Supp.
2005). Until the indictment is read and a defendant's plea entered, no issue is joined between the
State and the defendant. See Peltier v. State, 626 S.W.2d 30, 31 (Tex. Crim. App. [Panel Op.] 1981). 
The rationale for the rule is to inform the accused of the charges against him or her and to inform
the jury of the exact terms of the particular charge against the accused. However, error that results
from not reading the indictment and not entering a plea can be cured at trial. The correct procedure
to be followed after a tardy reading of the indictment and the entering of a plea has been long
established: on learning of the error, the indictment is read to the jury, the accused enters a plea, and
the State reintroduces the evidence; or the parties may stipulate to the evidence. Limon v. State, 838
S.W.2d 767, 768–69 (Tex. App.—Corpus Christi 1992, no pet.) (citing Warren v. State, 693 S.W.2d
414, 416 (Tex. Crim. App. 1985); Welch v. State, 645 S.W.2d 284, 285 (Tex. Crim. App. 1983);
Trammell v. State, 445 S.W.2d 190, 193–94 (Tex. Crim. App. 1969)). 
            Here, the indictment was read to the jury and Rougeux entered his plea. The evidence
presented before reading the indictment concerned only Foreman's background, which was
unnecessary in proving any of the allegations in the indictment. All other evidence was presented
after the issue had been joined by reading the indictment and entering the plea. The evidence
presented before the indictment was read did not address the substance of the charge, was not
necessary to prove the case, and it may be disregarded without affecting the remainder of the trial. 
Here, the error was cured and trial counsel did not perform deficiently in failing to object. 
            B.        Failure to Object to Voir Dire Comments 
            Because Rougeux's trial counsel did not object to certain comments made during voir dire,
Rougeux claims his trial counsel's performance was deficient. When viewed in the context of the
surrounding portions of the voir dire examination, Rougeux's trial counsel could have concluded that
the State's comments were proper or did not rise to a level justifying an objection. During voir dire,
the State engaged in the following colloquy:
[Prosecutor]: . . . . As Mr. Rougeux sits here today, if we end it and y'all
went in the jury box, I said okay, that's it. I'm done. All I'm going to do is voir dire. 
How many of you would find him not guilty? Everyone would find him not guilty
because he's presumed innocent. We've proven nothing. Somebody being indicted
by a grand jury is not any indication of Mr. Rougeux's guilt at all. Does everybody
agree with that?
 
Okay. How many of you, just based on what I've told you so far, would like
to hear Mr. Rougeux's side of the story? 
 
. . . .
 
[Prosecutor]: Everybody reads the paper and says, hey, I see Joe Smith got
arrested. How many of y'all always go, I wonder what he did wrong this time? 
Right. A little bit different deal here. 
 
. . . .
 
[Prosecutor]: You wouldn't want a jury predetermining your fate before any
of the facts were presented, would you?
 
[Prospective Juror]: Not at all.
 
[Prosecutor]: Would you want a jury to demand to hear your side of the story
if you were charged with a crime?

                        [Prospective Juror]: Sure.
 
[Prosecutor]: Okay. You would -- you would require the question. 
Mr. Rougeux has the right not to testify. Okay?
 
[Prospective Juror]: That's right.
 
[Prosecutor]: Okay. He -- there's nothing wrong with being curious. I would
say human nature if you're not curious, something is a little suspect. It's curious to
know what he might or might not say. The question is, if he doesn't say anything,
and he has that right, [Prospective Juror], will you hold it against him?
 
[Prospective Juror]: No.
 
[Prosecutor]: Still require the state to prove its case beyond a reasonable
doubt?

Rougeux's trial counsel's reasons for not objecting are not in the record.


 Based on the context of
the voir dire discussion, Rougeux's trial counsel could have decided not to object for strategic
reasons. 
            C.        Failure to Object to Irrelevant Evidence
            Rougeux argues his trial counsel allowed "an overwhelming amount of utterly irrelevant
evidence of about how you cut up, dilute and spread cocaine around so that the amount of cocaine
found on Mr. Rougeux (slightly less than 15 grams) could harm 'an untold amount' of people." The
failure to object to inadmissible evidence may give rise to ineffective assistance of counsel. The
State responds that this evidence was relevant to the jury's understanding the difference between a
user and a dealer. Because the evidence may be relevant and Rougeux's trial counsel may have
concluded the evidence was not worth an objection, counsel's failure to object could have been based
on legitimate trial strategy. 
            D.        Failure to Object to Oral Confession and Scales
            Rougeux next contends his trial counsel's performance was deficient because he failed to
object to an oral confession and other evidence establishing the intent to deliver. After Rougeux was
arrested and read his Miranda


 rights, Officer Foreman testified that he "talked to" Rougeux and that
Rougeux allegedly confessed to distribution of cocaine. Rougeux argues that the admission of this
confession violated Article 38.22 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 38.22, § 3 (Vernon 2005). In addition, Rougeux argues that several scales allegedly
found in Rougeux's apartment were introduced into evidence without objection even though they
were not disclosed during discovery. Because Rougeux's trial counsel did not object to the
introduction of the testimony concerning the confession or the introduction of the scales, Rougeux
argues counsel rendered ineffective assistance. The State argues the record does not establish that
the alleged confession was the result of a custodial interrogation. Foreman testified that he "talked
to the defendant" and that Rougeux had stated "he had sold $20 worth of cocaine" earlier that day. 
In addition, Foreman testified Rougeux admitted to having some drug paraphernalia. The record
does not clearly establish that the statements were the result of a custodial interrogation rather than
an admission against interest, res gestae of the arrest, or a statement volunteered without
interrogation. Because counsel's failure to object could have been based on strategic reasons and
trial counsel's reasons for failing to object are not in the record, we cannot conclude that Rougeux's
trial counsel's performance was so outrageous that no competent attorney would have engaged in it.
            Ineffective assistance of counsel claims must be evaluated based on the totality of the
circumstances. Strickland, 466 U.S. at 693; Welborn, 785 S.W.2d at 393. Under the totality of the
circumstances, we are unable to conclude Rouguex's trial counsel's performance was deficient. 
"Isolated failures to object to certain procedural mistakes or improper evidence or argument do not
constitute ineffective assistance of counsel." Wenzy v. State, 855 S.W.2d 52, 53 (Tex.
App.—Houston [14th Dist.] 1993, pet. ref'd). Rougeux was not entitled to errorless counsel. See
Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993); Ex parte Welborn, 785 S.W.2d 391,
393 (Tex. Crim. App. 1990). Rougeux has failed to show his trial counsel's performance was so
outrageous that no competent attorney would have engaged in it.
            Further, Rougeux has failed to show a reasonable probability of a different result. Without
the scales, confession, or allegedly irrelevant testimony, Rougeux argues there is a reasonable
probability the jury would not have found that Rougeux had the necessary intent to deliver the
cocaine. When he was arrested, Rougeux was holding fourteen grams of cocaine and had over
seventy small plastic bags on his person. Approximately thirty of these plastic bags, which were
blue, were a size which Foreman testified would not be used for packaging of marihuana,


 but are
used for the packaging of cocaine or methamphetamine. In addition, Foreman testified that fourteen
grams of cocaine is more than a typical "user's amount" of cocaine and would not be used in "one
sitting." The amount of cocaine possessed by Rougeux was sufficient for "a whole lot" of sittings,
according to Foreman. Even without the allegedly inadmissible evidence, the jury was presented
with sufficient evidence to conclude beyond a reasonable doubt that Rougeux was guilty of
possession with the intent to deliver. We overrule Rougeux's second point of error.
            For the reasons stated, we affirm.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          November 9, 2005
Date Decided:             November 10, 2005

Do Not Publish