NUMBER 13-02-620-CR

 

                                      COURT OF APPEALS

 

                            THIRTEENTH DISTRICT OF TEXAS

 

                              CORPUS CHRISTI - EDINBURG

___________________________________________________________________

 

HUGO HERNANDEZ,                                                                              Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                              Appellee.

___________________________________________________________________

 

                               On appeal from the 107th District
Court

                                          of Cameron County, Texas.

___________________________________________________  _______________

 

                                   DISSENTING OPINION

 

                          Before Justices Yañez,
Rodriguez, and Garza 

                              Dissenting Opinion
by Justice Rodriguez 

 








I respectfully
dissent from the majority's disposition of the third issue.  In that issue, appellant contends the trial
court committed reversible error by allowing the State to reopen testimony
during the punishment phase of the trial after the State and appellant had
closed.  The majority concludes that
"[b]ecause the State failed to either reintroduce the evidence supporting
the enhancement allegations or stipulate to the evidence pursuant to an
agreement with appellant, the trial court erred when it denied appellant's
request" to "dismiss the enhancement counts because it was not done
properly."  It further concludes
that appellant was harmed because "[t]he jury found both enhancement
allegations 'true' and assessed punishment at ten years' imprisonment on each
count," a range of punishment greater than would have been assessed if the
enhancement allegations had not been considered.  I agree there was a deviation that the State
did not cure.  However, I would conclude
that, under the circumstances of this case and the precedent of this Court,
appellant failed to preserve the State's error. 
Accordingly, I dissent and would affirm the judgment of the trial court.

I.  Background

At the beginning
of the punishment phase, without first arraigning appellant on the enhancement
counts and without appellant entering a plea to the enhancements, the State
introduced testimony from four witnesses. 
After the presentation of the witnesses and after both sides closed and
rested, the State informed the court that it forgot to request that the Court
arraign appellant on the enhancement counts. 
The State asked leave of court to reopen the evidence in the punishment
phase so that appellant could be arraigned on the enhancement counts. Appellant
objected as follows:

Both sides rested. 
Both sides closed.  And to put the
cart before the horse or the horse before the cart is their error. . . .  At this time we stand forward to go on the
punishment, and the [c]ourt should then instruct the jury not to consider the
enhancement counts and go forward with what we have.

 








The defense strenuously objects to the . . .
[S]tate's request . . . to reopen for purposes of arraigning the
defendant.  That should have been done
first.  They failed to do so.  Now they're stuck with it.

 

The trial court overruled the
objection and granted the State's request to reopen "for the sole purpose
of enhancement counts and the plea[d]ing to the enhancement counts."  After the State read the indictment and
appellant entered his plea of not true, appellant moved to dismiss the
enhancement counts because "it was not done properly."  The trial court denied appellant's motion,
and the charge was read to the jury. 

II.  Analysis

The correct procedure to be followed after a tardy
reading of the indictment and the entering of a plea has been long established:
upon learning of the error, the indictment is read to the jury, the accused
enters a plea, and the State reintroduces the evidence; or the parties may
stipulate to the evidence.  When this is
done, the issue is joined and a trial on the issue may be held.

 

Limon v. State, 838 S.W.2d 767, 768-69 (Tex. App.BCorpus Christi 1992, pet. ref'd) (citing Warren
v. State, 693 S.W.2d 414, 416 (Tex. Crim. App. 1985) (en banc); Welch v.
State, 645 S.W.2d 284, 285 (Tex. Crim. App. 1983); Trammell v. State,
445 S.W.2d 190, 193-94 (Tex. Crim. App. 1979)); see Tex. Code Crim. Proc. Ann. art.
36.01(a) (Vernon Supp. 2004-05); Castillo v. State, 530 S.W.2d 952, 954
(Tex. Crim. App. 1976).  "However,
in the absence of an objection directing the court to the correct procedure,
[appellate courts have held] that the error was not preserved, under the circumstances
. . . presented."  Limon, 838
S.W.2d at 769 (quoting Castillo, 530 S.W.2d at 954).













In this case,
when the State was allowed to reopen, it cured only part of its error.  The State read the enhancement paragraphs of
the indictment into the record, and appellant entered his plea of not
true.  The State did not reintroduce the
evidence from the punishment phase that was admitted prior to the reading of
the indictment and entry of the plea and prior to the State and appellant
closing, and no stipulation was entered that the testimony would be the same
and could be considered by the jury.  See
Welch, 645 S.W.2d at 285-86 (citing Trammell, 445 S.W.2d at
193-94); see also Limon, 838 S.W.2d at 768-69.  However, appellant objected only that the
process had not been done properly and asked the court to instruct the jury not
to consider the enhancement counts. 
Appellant did not direct the trial court to the correct procedure to be
followed regarding the evidence; that the evidence introduced before the plea
be reintroduced or stipulated to by appellant. 
See Limon, 838 S.W.2d at 769; cf. Castillo, 530 S.W.2d at
954.  Appellant did not ask the court to
instruct the jury to disregard that evidence. 
See Dill v. State, 697 S.W.2d 702, 709 (Tex. App.BCorpus Christi 1985, pet. ref'd) (holding error
preserved when defendant asked that evidence heard before the plea be removed
from the jury's consideration).   Unlike
the majority, I would conclude that appellant's request differed significantly
from Dill and Limon and that it was not sufficient to apprise the
trial court of the proper method to reintroduce evidence.  Therefore, although the State failed to cure
its error in its entirety, and I certainly do not condone such, under the
circumstances of this case and following the precedent of the court of criminal
appeals and of this Court, I would conclude that appellant did not preserve
error.  Accordingly, I would overrule
this issue.

III.  Conclusion

Agreeing with the
disposition of all other issues, I would affirm the judgment of the trial
court.                                                                                          

NELDA V. RODRIGUEZ

Justice

 

Publish.

Tex. R. App. P. 47.2(b).

 

Dissenting Opinion delivered and 

filed this 6th day of April, 2006.