NUMBER 13-05-435-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROSALINDA RODRIGUEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 390th District Court of Travis County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza 


Memorandum Opinion by Justice Garza


 

 Appellant, Rosalinda Rodriguez, was indicted for aggravated robbery with a deadly
weapon. Tex. Pen. Code Ann. § 29.03 (Vernon 2003). A jury found appellant guilty of
aggravated robbery, and after she pleaded "true" to the enhancement allegations, the trial
court sentenced her to twenty years' imprisonment. 

 By one issue, appellant contends the trial court erred when it failed to follow the trial
order for criminal proceedings as set forth in Texas Code of Criminal Procedure article
36.01(a)(6). See Tex. Code Crim. Proc. Ann. art. 36.01(a)(6) (Vernon 2007). We affirm. 

Factual and Procedural Background

 On the evening of August 24, 2004, appellant, accompanied by two men, entered the
apartment of Marcelo Medina. Appellant asked Medina if she could use his phone. Medina
replied that it was not working. The two men then proceeded to attack Medina while
appellant removed Medina's wallet and broke his cell phone. The attack resulted in Medina
sustaining a fractured nose, torn lip, and stab wound to the back. Appellant was charged
with aggravated robbery with a deadly weapon. 

 The record reflects that, at trial, after the State rested its case-in-chief, the trial court
recessed the proceedings until the next morning. The following morning, the trial court
convened out of the jury's presence for the charge conference. During this conference,
appellant's defense counsel informed the trial court and the State that it had no evidence
to offer. At the end of the charge conference, the jury was brought into court and the State
began its closing arguments. Appellant never complained to the trial court that she did not
have an opportunity to put forth testimony or that the proceedings had occurred out of order. 
The issue was ultimately brought to the trial court's attention after the jury had returned a
guilty verdict and had been discharged. At this time, appellant's counsel stated to the trial
court that the out-of-order proceeding was "probably not fatal" and stated that appellant did
not intend to put forth evidence. This appeal ensued. 

Discussion

 By one issue, appellant contends the trial court erred when it failed to allow her an
opportunity to present testimony as allowed by Texas Code of Criminal Procedure article
36.01. See id. Article 36.01 provides that "testimony on the part of the defendant shall be
offered." Id. 

 The State contends the issue was not preserved for review because appellant failed
to object in the trial court. See Tex. R. App. P. 33.1(a)(1)(A). We agree. 

 In order for an appellant to bring a complaint under article 36.01 under appellate
review, the appellant must first raise a timely objection at trial. See Tex. R. App. P.
33.1(a)(1)(A); Castillo v. State, 530 S.W.2d 952, 954 (Tex. Crim. App. 1976); Limon v.
State, 838 S.W.2d 767, 769 (Tex. App.-Corpus Christi 1992, no pet.). The record shows
appellant failed to raise a timely objection at trial when the out-of-order proceedings
occurred. We conclude that error was not preserved in the absence of an objection
directing the court to the correct procedure. See Castillo, 530 S.W.2d at 954; Limon, 838
S.W.2d at 769. Accordingly, appellant's sole issue is overruled. 

 The judgment of the trial court is affirmed. 


 _________________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 28th day of June, 2007.