Opinion issued May 5, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00865-CR

———————————

Gerald Wayne Mitchell, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 174th District Court

Harris County, Texas



Trial Court Case No. 1175727

 



 

MEMORANDUM OPINION

          A
jury convicted appellant Gerald Wayne Mitchell of possession with intent to
deliver cocaine in excess of 4 grams but less than 400 grams.  See Tex. Health & Safety Code Ann. §§
481.102(3)(D), 481.112(a), (d) (West 2010) (first-degree felony).  After finding true the allegations in two
enhancement paragraphs that appellant had been convicted twice previously of
felony offenses, the jury assessed his punishment at confinement for 75 years.  See
Tex. Penal Code Ann. § 12.42(d)
(West Supp. 2010).  On appeal, Mitchell
contends that the evidence supporting the enhancements was legally insufficient
because the trial court failed to follow the proper procedures.  We conclude that the evidence was legally
sufficient to support the enhancement allegations, that the trial court erred
by not following the proper procedure, that Mitchell sufficiently preserved
this issue, and that the trial court’s error was harmless.  Accordingly, we affirm.

I.                 
Background

Mitchell was charged by indictment
with the felony offense of possession with intent to deliver more than 4 grams but
less than 400 grams of cocaine.  The
indictment also included two enhancement paragraphs alleging that Mitchell had two
prior sequential felony convictions for delivery of a controlled substance in
1993 and possession of a controlled substance in 2005.  In addition, the State filed a notice of
intent to use evidence of prior convictions and extraneous offenses.  This notice listed one conviction for
possession of marijuana, five convictions for possession of a controlled
substance, two convictions for distributing a controlled substance, two
convictions for driving while license suspended, one conviction for escape, one
conviction for failure to identify himself to a law enforcement officer, one
conviction for promoting prostitution, and one conviction for unauthorized use
of a motor vehicle.  In addition, the
State listed the following extraneous offenses and prior adjudications it
intended to introduce at trial: unauthorized use of a motor vehicle, aggravated
assault with a deadly weapon, aggravated kidnapping, possession of a controlled
substance, and burglary of a habitation.

Mitchell pleaded not guilty to the
primary offense before the jury.  After
the jury found him guilty, the trial court began the punishment phase of
trial.  Outside the presence of the jury,
the trial court heard objections and arguments pertaining to the prior
convictions the State had informed Mitchell it intended to introduce.  Mitchell presented objections to the
introduction of evidence pertaining to 15 prior convictions.  Among these was Mitchell’s objection to the
admission of jail cards related to the first of the two enhancements included
in the indictment.  Mitchell argued that
the jail cards were prejudicial in that they listed his felony convictions and
stated he was a high risk and that they were unnecessary in light of the judgments
and sentences the State planned to introduce. 
The State argued that the jail cards were necessary to show that
Mitchell was actually placed in custody. 
The trial court overruled Mitchell’s objection to the jail cards.  Mitchell made no objection to the other
enhancement paragraph in the indictment. 


Through the testimony of the
custodian of the records for the Harris County Sheriff’s Office, the State introduced
jail cards, one of which pertained to the first enhancement paragraph.  The State then presented a fingerprint
analyst for the Harris County Sheriff’s Office, who testified that he had
determined Mitchell’s fingerprints matched those on the penitentiary packets
and the judgment and sentence that the State introduced to prove the second
enhancement paragraph and other prior convictions.  Mitchell presented no evidence, and both
parties rested.

After reading the court’s charge to
the jury, the trial court realized that Mitchell had not pleaded to the
enhancements and, over Mitchell’s objection, granted the State’s motion to
reopen the evidence to arraign him on the enhancements.  Before Mitchell pleaded to the enhancements,
and outside the presence of the jury, Mitchell’s counsel objected saying that it
was “too late.”  Mitchell’s counsel
argued, “They can’t reopen the case for the purpose of doing something they should
have done prior to any testimony being received . . . .  It’s clearly improper, unlawful, and it
violates Mr. Mitchell’s right to a fair and proper trial.”  The trial court overruled the objection,
Mitchell pleaded “not true” to the enhancements, and the State rested and
closed without introducing or reintroducing evidence and without a stipulation
of evidence from Mitchell.  The jury found
both enhancement paragraphs true and assessed punishment at 75 years in prison.

On appeal, Mitchell contends that
the evidence was legally insufficient to support the jury’s findings that the
enhancement paragraphs were true.  Mitchell’s
brief also asserts trial error because the court failed to follow the proper
procedure for enhancement allegations.

II.              
Legal sufficiency

Mitchell first contends that the
evidence was legally insufficient to support the jury’s findings of “true” to
the two enhancement paragraphs because the State’s failure to reintroduce
evidence after Mitchell’s plea or obtain a stipulation of evidence meant that
no evidence pertaining to the enhancements was properly before the jury. 

In assessing the legal sufficiency
of the evidence pertaining to a punishment enhancement, we determine whether,
based on all of the record evidence viewed in the light most favorable to the
verdict, a rational jury could have made the finding beyond a reasonable doubt.
 See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175 S.W.3d 795, 798
(Tex. Crim. App. 2005).  Our review of
“all of the evidence” includes evidence that was properly and improperly
admitted.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  To invoke the habitual offender statute, the
State must show that the defendant was previously convicted of two felonies,
and one was committed after the other became final.  Tex.
Penal Code Ann. § 12.42(d). 

Before Mitchell’s plea, the State
introduced penitentiary packets that showed Mitchell’s convictions for the two
offenses alleged in the enhancement paragraphs. 
The State also elicited testimony from a fingerprint analyst who said
that the fingerprints in the penitentiary packets matched Mitchell’s
fingerprints.  Thus, there was sufficient
evidence that Mitchell was convicted of the crimes alleged in the two enhancement
paragraphs.  The legal sufficiency of the
evidence to support the sentencing enhancement is not undermined by trial error
in the order of proceedings, a separate issue raised by Mitchell, which we
analyze below.  Compare Marshall v. State, 185 S.W.3d 899, 902 (Tex. Crim. App.
2006) (distinguishing defect arising from procedural trial error from lack of
evidentiary support), with Jordan v.
State, 256 S.W.3d 286, 292 (Tex. Crim. App. 2008) (refusing to treat
challenge to sufficiency of evidence supporting enhancements as mere trial
error subject to harm analysis).  

III.          
Trial error

Mitchell also contends that the
trial court’s failure to reintroduce evidence or obtain a stipulation thereon
after he pleaded to the enhancement allegations is trial error that requires
reversal without a harm analysis.  The
State contends that Mitchell did not preserve this issue because his objection
did not alert the State and the trial court as to the proper procedure to be
used.

          Preservation of error.  Rule  33.1 of the Rules of Appellate Procedure
requires that as a prerequisite for appellate review, an appellant must have
made his complaint known to the trial court by a request, objection, or motion
that stated the grounds for his complaint with sufficient specificity to
apprise the trial court of the complaint, unless the specific grounds were
apparent from the context.  Tex. R. App. P. 33.1(a).  Here, when the trial court informed the
parties that Mitchell had not entered pleas on the enhancement paragraphs,
Mitchell’s counsel stated, “It’s too late,” and objected that it would be
improper to allow the State to reopen because both sides had already rested and
closed.  The State contends that this
objection was not sufficient to preserve error and that Mitchell was required
not only to object but also to direct the trial court to the correct procedure
to be followed after a untimely reading of the indictment and entry of pleas.  See Castillo
v. State, 530 S.W.2d 952, 954 (Tex. 1976); Limon v. State, 838 S.W.2d 767, 769 (Tex. App.—Corpus Christi
1992, pet. ref’d).  Such a procedure
requires the State to reintroduce its penalty phase evidence or introduce a
stipulation from the accused that the evidence previously offered would be the
same and could be considered by the jury. 
Castillo, 530 S.W.2d at 954.

In Limon, the defendant objected when the trial court allowed the
State to reopen its case in chief to read the indictment.  Limon,
838 S.W.2d at 768.  However, defense
counsel then stated that the defense did not object to the State’s re-offering
previously admitted evidence instead of requiring the evidence to be presented
to the jury a second time.  Id. 
The court of appeals held that the defendant waived his appellate
complaint by not directing the trial court to the proper procedure or objecting
to the State reoffering its evidence.  Id. at 769.

          However,
in Welch v. State, 645 S.W.2d 284
(Tex. Crim. App. 1983), the Court of Criminal Appeals held that a more general
objection was sufficient to preserve appellant’s complaint about trial error.  645 S.W.2d at 285.  In Welch,
the enhancement allegations were belatedly read, and appellant entered his
pleas of “not true.”  Id. at 284.  He then objected and asked that the prior
testimony be stricken from the record.  Id. at 284–85.  The Court of Criminal Appeals concluded that
this objection was sufficient to preserve error.  Id.
at 285.

In Mendez v. State, 212 S.W.3d 382 (Tex. App.—Austin 2006, pet.
ref’d), before the defendant pleaded to the enhancement allegations, the State
introduced its penalty-phase evidence and rested.  212 S.W.3d at 387–88.  The defense noted that no plea had been
entered as to the enhancements.  When the
trial court said, “We’ll just do it now,” the defense objected that it was “too
late,” and requested a directed verdict on the grounds  that the enhancement allegations did not
apply.  Id. at 387.  The Austin Court
of Appeals explained that “Welch
makes it clear that an objection at any point during the penalty stage is
sufficient to preserve the error and require the corrective action required in
that opinion.”  Id. at 388.  The court of
appeals held that the appellant’s objection was sufficient to preserve his
complaint for appellate review.  Id.

Mitchell’s objection was made at a
time when the trial court could have taken the kind of corrective action
contemplated in Castillo, Limon, and Welch.  The trial court
initially raised this issue with the parties in the trial court, so it is clear
that the trial court was aware of the issues pertaining to this type of trial
error.  We conclude that Mitchell’s
objection was sufficient to preserve error for appellate review.

Enhancement
procedure.  Article 36.01 of the Texas Code
of Criminal Procedure specifies the order of proceeding for a jury trial.  “When prior convictions are alleged for
purposes of enhancement only and are not jurisdictional, that portion of the
indictment or information reciting such convictions shall not be read until the
hearing on punishment is held. . . .”  Tex. Code Crim. Proc. Ann. art.
36.01(a)(1) (West 2007).  The reading of
the enhancement paragraphs at the penalty stage of a bifurcated trial and the
entry of the defendant’s responsive plea are mandatory.  Turner
v. State, 897 S.W.2d 786, 788 (Tex. Crim. App. 1995).  Without these steps, no issue is joined
between the State and the defendant, and neither the jury nor the defendant is
informed of the precise terms of the charge. 
See Welch, 645 S.W.2d at 285; Hernandez v. State, 190 S.W.3d 856, 867
(Tex. App.—Corpus Christi 2006, no pet.); Linton
v. State, 15 S.W.3d 615, 620 (Tex. App.—Houston [14th Dist.] 2000, pet.
ref’d).  “After the enhancements and plea
are read to the jury, the State is required to introduce evidence in support of
the enhancements.”  Hernandez, 190 S.W.3d at 867. 


The Court of Criminal Appeals has
held that not reading the enhancement paragraphs and having the defendant plead
to them could mislead a defendant into believing the State has abandoned the
enhancement paragraphs.  Turner, 897 S.W.2d at 789.  In such a case, the defendant might take the
stand and incriminate himself.  Id. 
This is particularly so in cases in which the enhancements are not
included in the indictment, such that “the failure to read the enhancement
allegations does not put the defendant on notice that the proceedings may have
gone amiss.”  Marshall, 185 S.W.3d at 903 (“If the enhancements are in the
indictment and the State does not abandon them, the defendant is on notice that
the State is still seeking a greater penalty range.”).

In this case, the trial court
failed to follow the mandatory procedure for the order of trial as set forth in
the Code of Criminal Procedure.  This was
error.  See Turner, 897 S.W.2d at 788.

Harm
analysis.  Because an article 36.01
violation is not considered structural error, it is subject to a harmless error
analysis.  Linton, 15 S.W.3d at 620; see
Tex. R. App. P. 44.2(b).  When reviewing non-constitutional error, such
as this one, we determine whether the error affected the defendant’s
substantial rights.  Id.  In other words, we must
determine if the error had a substantial or injurious effect on the jury’s verdict.  Linton,
15 S.W.3d at 620–21 (citing Llamas v.
State, 12 S.W.3d 469, 471 n.2 (Tex. Crim. App. 1999)).

          Here,
Mitchell did not testify during the punishment phase of trial, so no
self-incrimination occurred.  The
enhancement allegations were included in the indictment, and nothing in the
records shows that the State manifested an intention to abandon the enhancement
paragraphs.  Penitentiary packets
containing documents, fingerprints, and photographs evidencing appellant’s prior
convictions alleged in the enhancement paragraphs were introduced during the
State’s brief punishment case.  Therefore
Mitchell was not misled into believing that the State intended to abandon the
enhancement allegations.  Indeed, before
the taking of evidence during the punishment phase, Mitchell made numerous
objections to the evidence regarding his prior convictions, including certain
evidence pertaining to one of the convictions alleged as a punishment
enhancement.

          In
addition, the primary offense was a first degree felony, which carried a
punishment range of imprisonment for 5 to 99 years.  See
Tex. Penal Code Ann. § 12.32(a)
(West Supp. 2010).  The effect of the
enhancements was to raise the minimum punishment from 5 years in prison to 25
years in prison.  See id. § 12.42(d).  The
punishment assessed by the jury of 75 years in prison was on the upper end of
the sentencing range, and it fell within the unenhanced punishment range, which
further suggests that this error was harmless.

          Under
these circumstances, we conclude that the trial court’s failure to read the
enhancement paragraphs and take Mitchell’s plea at the beginning of the punishment
hearing was harmless.  We overrule
Mitchell’s sole issue.




 

Conclusion

          We affirm the judgment of
the trial court.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Justice
Sharp, dissenting.

Do not
publish.   Tex. R. App. P. 47.2(b).