244

No. 23800. Delivered November 19, 1947.
Rehearing Denied January 7, 1948.

*Wallace B. Moore,* of Dallas, for appellant.

*Clyde Suddath,* County Attorney, of Henrietta, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by indictment with the offense of burglary and two prior convictions for like offenses. He was found guilty as charged and his punishment was assessed at confinement in the state penitentiary for life.

Appellant brings forward one bill of exception in which he complains of the action of the trial court in admitting in evidence certain articles discovered on his person and wearing apparel as a result of a search of his person and premises without a search warrant after he had been taken into custody by the officers at his home without a warrant of arrest. The bill

discloses that the burglary with which he was charged was committed during the night of December 26th, 1946, in Clay County; that the officers ascertained the license number of his automobile on the 27th or morning of the 28th day of December. The bill recites that it was agreed by and between the district attorney and counsel for defendant that at the time of his arrest appellant was not fleeing; that the offense was not committed within the view of the arresting officer nor within the view of any magistrate who told them to arrest the defendant, nor did anyone tell them that the defendant was about to escape; that they did not take him before a Justice of the Peace or any District or County Criminal Court Judge and no complaint had been filed in any Justice Court of Clay County against the de-defendant.

The court qualified the bill of exception by stating what the officers discovered in the way of drugs, etc., on the floor of the burglarized premises and what they discovered as a result of the search of his person and premises.

The sole question is, was the evidence given admissible as against the objection urged thereto by appellant that the arrest, the search of his person and his home were illegal.

The uncontradicted evidence shows that the drug store in question was burglarized on the night of December 26th, 1946, and some drugs and money taken therefrom; that on Saturday, the 28th day of December, 1946, appellant was arrested at his home in the City of Dallas by Louis Rigler, a Texas Highway Patrolman who was stationed at Grand Prairie and two city policemen of the City of Grand Prairie; that the officers entered his home, arrested him without a warrant, and searched his person and his home without a search warrant. Appellant, in due time, objected to any evidence discovered by the officers as a result of his arrest and the search of his person and his home on the ground that the same were made without a warrant of arrest and without a search warrant.

There is not any evidence from any source which shows that the officers were authorized under Articles 212, 213, 214, or 215, C. C. P., to arrest appellant without a warrant. In the case of Vinson v. State, 137 S. W. (2d) 1048, a question similar to the one presented here was before this Court and Judge Hawkins, in disposing of the same, held the arrest of appellant without a warrant and the search of his home without a search warrant were illegal; that by reason thereof, the evidence ob-

tained as a result of the search was inadmissible. To the same effect is the holding of this Court in the case of Rodriguez v. State, 172 S. W. (2d) 502. It seems to us that the State realized that the arrest and the search were not authorized under either of the articles above mentioned and therefore relied on Sec. 15 of Art. 725b, Ver. Ann. C. C. P., as authority for the arrest of appellant without a warrant. It must be borne in mind that the appellant was arrested while in his home and while so arrested, his person and his home were searched. Section 15 of Art. 725b, Ver. Ann. C. C. P. does not authorize officers to invade the home of a person without a warrant of arrest nor to search the same without a search warrant. That article, as well as the Constitution of the United States, protects a person's home from search by officers without a warrant. Of course, there is some evidence to the effect that after appellant was arrested and his home was searched, and after he had been taken to Clay County, the officers returned to appellant's home in Dallas and were permitted by appellant's wife to enter the same and they made a further search thereof. As a result of this search, they found a pair of shoes which they took with them and which were introduced in evidence marked Exhibit No. 7, but the record fails to reflect that this particular pair of shoes bore any incriminative evidence. Consequently, the same was not harmful to the defendant nor helpful to the State. The State relies on the decision of this Court in the case of Ware v. State (page 228 of this volume), a companion case, but that case was affirmed on the ground that Ware could not object to the invasion of Butler's home and the search of it by the officers without a search warrant.

We have reached the conclusion that all the evidence obtained by the officers while making the arrest without a warrant and the search of appellant's home without a search warrant was not admissible in evidence against him. Therefore, we feel constrained to reverse the judgment and remand the case, and it is so ordered.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In a motion for rehearing by the State our attention is called to a mistake in the second paragraph of our original opinion, in which we stated that the recitals in the bill of exception showed certain agreements between counsel for appellant and

the district attorney. The bill only recited that it was agreed "that no criminal complaint was filed in the Justice Court of Clay County, Texas, against this defendant nor Ware until the 30th day of December, 1946." The State's witnesses, officers who arrested appellant, and the Sheriff of Clay County, to whom appellant was delivered, testified to the other facts which by mistake was said in our opinion to have been included in the agreement. The legal effect is the same.

We adhere to our conclusion that the arrest of appellant was illegal, and whatever search was made at the time of him or his home was likewise illegal, as also was the search of his person by the Sheriff of Clay County after appellant had been turned over to him by the officers. They, holding appellant under illegal arrest, would render his subsequent custody by the Sheriff of Clay County also illegal, and taint the search of his person with illegality, and the evidence discovered as a result thereof inadmissible.

The State's motion for rehearing is overruled.