Theophilus H. HARDISON, Jr., Appellant.

v.

The STATE of Texas, Appellee.

No. 57554.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 6, 1980.

On Denial of Rehearing May 7, 1980.

---

3. Relator has informed us, and respondent does not dispute, that Allred in fact was *not* paroled.

William R. Magnussen, Fort Worth, for appellant.

Tim Curry, Dist. Atty., George B. Mackey, Greg Pipes and Marvin Collins, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for possession of heroin. The trial court assessed punishment at ten years confinement.

The appellant complains on appeal that the trial court erred in denying his motion to suppress the introduction of heroin into evidence, as it was obtained as a result of an illegal arrest. In his second ground of error, the appellant contends that the arrest and search violated Article 14.04, Vernon's Ann.C.C.P. We agree.

The record reflects that on December 17, 1976, an unidentified informant told Officer James Little that the appellant was dealing in heroin on the corner of the eleven hundred block of Evans, in front of a barber shop. The informant said that the heroin, in the form of capsules, would be found in the appellant's hatband. The police officer was told that the appellant would be wearing a light green suit with a green vest and a brown hat. The officer testified that he had known this informant for three years and that he had received reliable information from him on at least twelve occasions.

Officer Little testified at the hearing on the motion to suppress evidence that he and his partner arrived at the location given to them by the informant approximately 15 minutes after receiving the information. The officers observed the appellant for five to ten minutes, as he talked to people in

front of the barber shop. The officers stated that the appellant did not commit any offense in their presence. The police officers approached the appellant, took his hat, and upon finding five capsules of what appeared to be heroin in his hatband, they placed the appellant under arrest.

Officer Little testified that he had searched the appellant on several occasions and that he frequently searched people at that location. The officer testified that he knew that a magistrate was available at the time of the arrest and that he knew the means to obtain a warrant were easily available to him, yet he made no effort to obtain a warrant. There was no testimony to the effect that the officers feared that the appellant would escape, or that they felt there was not enough time to procure a warrant.

■■ A police officer should always obtain an arrest warrant when possible. *Honeycutt v. State*, 499 S.W.2d 662 (Tex.Cr. App.1973). There are, however, limited circumstances where an arrest without a warrant is authorized in Texas. See Chapter 14, Vernon's Ann.C.C.P. Article 14.04, Vernon's Ann.C.C.P., states:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without a warrant, pursue and arrest the accused."

A showing that the offender is about to escape is indispensable under Article 14.04, supra. *Honeycutt v. State*, supra. See *Butler v. State*, 151 Tex.Cr.R. 244, 208 S.W.2d 89 (1948).

In *Honeycutt v. State*, supra, the defendant was arrested without a warrant when she was found in her home, in bed. In that case, we held:

"In accordance with the strict construction given exceptions allowing warrantless arrests, this court has always required a clear showing that the person arrested was about to escape. . . . We cannot conclude the evidence shows

the appellant was about to escape or that it was not possible to secure a felony arrest warrant under the circumstances presented."

In *Tarpley v. State*, 565 S.W.2d 525 (Tex. Cr.App.1978), this Court upheld a warrantless arrest under Article 14.04, supra, where the arresting officer testified at a hearing on a motion to suppress, that he had been informed that the defendant was about to leave his hotel room, and that he knew it would take 45 minutes to an hour to procure an arrest warrant.

■■ In *Carmouche v. State*, 540 S.W.2d 701 (Tex.Cr.App.1976), this Court again upheld an arrest based on Article 14.04, supra. In *Carmouche v. State*, supra, a reliable informant told the police officer that he had seen the defendant with marihuana in his possession and that the defendant was preparing to leave town. The defendant was driving away as the officers arrived. In *Carmouche v. State*, supra, we held that there was sufficient evidence to show that the officers did not have time to obtain a warrant and that the arrest and search were authorized. However, in the instant case, there was no testimony concerning the time it would take to obtain a warrant. The officer testified that he knew that he could obtain a warrant, yet he gave no indication as to why he did not do so. We recognize that circumstances could exist which would require police officers to act immediately where the accused is on a public street as opposed to being in a private residence. As the State points out in its brief, "It could have been only a matter of moments before appellant was able to dispose of either the hat or the contents of the hatband." In view of the record, however, we cannot conclude that the requirements of Article 14.04, supra, have been met. The warrantless arrest of the appellant was therefore unauthorized. The appellant's contention concerning the reliability of the informant need not be considered in view of our disposition on this ground of error.

The judgment is reversed and remanded.

DALLY, J., dissents.

Before the Court en banc.

## DISSENTING OPINION ON DENIAL OF STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING WITHOUT OPINION

DOUGLAS, Judge.

The panel opinion jumps to the question of whether an arrest without warrant was proper under Article 14.04, V.A.C.C.P., without addressing the underlying question of whether an arrest was made prior to the discovery of the heroin by the officers.

Article 15.22, V.A.C.C.P., provides that:

"A person is arrested when he has been *actually placed under restraint* or *taken into custody* by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant." (Emphasis supplied)

Officers Little and Ladd testified that they approached Hardison, Ladd "asked to let him see the hat," and Hardison complied. Leaving aside the question of whether Ladd's subsequent inspection of the hatband was by a consensual waiver of Fourth Amendment rights under the rule of *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), it would seem to require a stretch of the imagination to characterize asking for and briefly inspecting a hat as the kind of "actual . . restraint or . . . custody" envisioned in Article 15.22, supra.

Once the heroin was seen by Officer Ladd, the arrest was authorized by Article 14.01, V.A.C.C.P.

If we characterize the minimal intrusion upon this appellant as an arrest requiring a warrant, how can we justify the use of a pat-down search for weapons as authorized by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), in light of Article 14.04? Surely the Court does not mean to be understood as saying that the ripening of probable cause to search removes the right of the officer to make an otherwise proper investigative stop?

Finally, even granting, arguendo, that Article 14.04 may have some application here, the Court should be instructed by its decision in *Trammell v. State*, 445 S.W.2d 190 (Tex.Cr.App.1969).

Trammell and a companion were stopped as they walked down a street by a policeman who noticed that they had mud and dried leaves on their clothes, and who knew that the suspects in an armed robbery the previous day had been seen entering a wooded area. The officer requested identification, and, upon discovering Trammell's identity, and knowing that he was being sought, arrested him without a warrant.

Nothing in the opinion in *Trammell* indicates that there was any immediate danger of Trammell's escaping, but the Court found that the officer "was clearly authorized to arrest without a warrant appellant and his companion under the terms of Article 14.04, V.A.C.C.P., based upon probable cause alone." 445 S.W.2d at 192.

Perhaps the Court justifiably inferred that Trammell, who had earlier fled the scene of an armed robbery, might, before a warrant could be procured, flee again. But the Court would be no less justified in inferring that Hardison, who been selling heroin capsules from a supply in his hat band, might run out of stock before a warrant could be procured and executed.

The State's motion for rehearing should be granted. The judgment should be affirmed.