**Jerry PEARSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68519.**

Court of Criminal Appeals of Texas, En Banc.

July 13, 1983.

Rehearing Denied Oct. 12, 1983.

Scott E. Segall, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Coll Bramblett, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of possession of heroin; the punishment, enhanced by a prior felony conviction, is imprisonment for 10 years.

The appellant urges that his warrantless arrest was unlawful, and the heroin obtained was erroneously admitted in evidence.

Even if probable cause for his arrest existed, the appellant argues that there is no evidence to show that he was about to escape so that there was no time to procure a warrant for his arrest. He relies on *Hardison v. State,* 597 S.W.2d 355 (Tex.Cr.App. 1980) and Article 14.04 V.A.C.C.P., which provides:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

Here two police officers received information from an unnamed informer, who had given reliable information of the same nature on other occasions. The informer said that the appellant, who was in the Playmate Bar, had in his possession in his right hand vest pocket a Tylenol box containing tinfoil packets of heroin. "A short time before" the informer gave this infor-

mation to the officers, he had been with the appellant. One of the officers knew the appellant.

Near midnight, and within fifteen minutes after receiving the information, the officers went to the Playmate Bar. They asked the appellant, who was an employee at the bar and who was on duty at the time, to step outside to talk to them. When the appellant went outside he was immediately arrested. The officers found eight tinfoil packets of heroin in a Tylenol box in the right hand pocket of appellant's vest.

There is no testimony that the officers believed the appellant was about to escape. Before booking the appellant into the jail, the officers called a magistrate who met them at a business establishment at about 2:00 a.m.; the magistrate advised the appellant of his constitutional rights and issued an arrest warrant for appellant.

In *Hardison v. State,* supra, the officers had information that Hardison was selling heroin on the street; when they went there, although they did not see him selling heroin, they arrested him without a warrant. This was held to be a violation of Article 14.04 V.A.C.C.P., because "a showing that the offender is about to escape is indispensable under Article 14.04 (V.A.C.C.P.)." In the instant case, the appellant was working at his job and it was less likely he would escape. *Hardison v. State,* supra, is controlling and requires reversal of the judgment. See, also, *Earley v. State,* 635 S.W.2d 528 (Tex.Cr.App.1982); *Honeycutt v. State,* 499 S.W.2d 662 (Tex.Cr.App.1973); *Rippy v. State,* 122 Tex.Cr.R. 101, 53 S.W.2d 619 (Tex.Cr.App.1932). Cf. *King v. State,* 631 S.W.2d 486 (Tex.Cr.App.1982); *Maloy v. State,* 582 S.W.2d 125 (Tex.Cr.App.1979).

The recent case of *Fry v. State,* 639 S.W.2d 463 (Tex.Cr.App.1982), may have made some modification in *Hardison v. State,* supra; it was said:

"We hold Art. 14.04, (V.A.C.C.P.), does not require a showing that the offender in fact was about to escape, nor does it require a showing that there in fact was no time to procure a warrant. The statute merely requires a showing that the officer was acting upon satisfactory proof from representations by a credible person that the felony offender 'is about to escape, so that there is no time to procure a warrant.'" P. 476.

In the instant case there is no evidence that the officer was acting upon satisfactory proof from representations by a credible person that the appellant was about to escape, so that there was no time to procure an arrest warrant.

The judgment is reversed and the cause remanded to the trial court.

Opinion approved by the Court.